UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| Infinity Products, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Premier Plastics, LLC, and Prodesign, Inc.,<br><br>Defendants. | Case No.: 00-CV-36 PAM/JGL<br><br>**STIPULATION AND PROPOSED ORDER REGARDING CONFIDENTIALITY** |

**STIPULATION REGARDING CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, as follows:

The parties maintain information and documents they claim to be confidential due to their commercially sensitive or proprietary nature or for other reasons, which may be subject to discovery requests in this action. The parties also reasonably anticipate that any non-parties who may be subpoenaed to provide documents, information, or testimony in this action might also assert that information or documents requested of them constitute confidential information or documents of a commercially sensitive or proprietary nature. To balance the interests of the parties, and of any non-parties, in maintaining the confidentiality of such information with the rights of the parties to obtain relevant information through discovery in this action in accordance with the Federal Rules of Civil Procedure, the parties enter into the following Stipulation and Proposed Order Regarding Confidentiality ("Confidentiality Stipulation and Order").

FILED AUG 18 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Definition of "Confidential" Materials. The term "Confidential" as used in this Confidentiality Stipulation and Order means documents, written discovery responses, and deposition testimony that any party designates "Confidential," in accord with Paragraphs 4 and 6. Any party may properly designate as Confidential any document, written discovery response, or deposition testimony that constitutes or discloses information that is not readily ascertainable, through proper means, by the public or the party's competitors or potential competitors and may include, but is not limited to, competitively sensitive commercial or financial information and personal financial information of an individual. This designation shall be limited to only those documents or testimony which are truly confidential, made in good faith and for good cause, as required in Fed. R. Civ. P. 26(c). All copies, abstracts, excerpts, summaries, analyses, or other writings that contain, reflect, or disclose the substance of documents, written discovery responses, or deposition testimony designated Confidential shall also be deemed confidential.

2. Definition of "Attorneys' Eyes Only" Materials. The term "Attorneys' Eyes Only" as used in this Confidentiality Stipulation and Order means confidential materials, as described in Paragraph 1, that are in need of more limited distribution and use than materials designated as "Confidential" and that any party therefore designates "Attorneys' Eyes Only," in accord with Paragraphs 5-6. All copies, abstracts, excerpts, summaries, analyses, or other writings that contain, reflect, or disclose the substance of documents, written discovery responses, or deposition testimony designated Attorneys' Eyes Only shall also be deemed Attorneys' Eyes Only.

3. Limited Use. Documents, written discovery responses, and deposition testimony designated Confidential or Attorneys' Eyes Only pursuant to this Confidentiality Stipulation and Order shall be used only for purposes related to this action, shall not be used for any business or commercial purpose, shall not be disclosed to parties in other litigation other than the parties to this suit, and shall not otherwise be disclosed to any person other than those persons identified in Paragraph 4-5. Disclosure of information extracted from documents, written discovery responses, or deposition testimony designated Confidential or Attorneys' Eyes Only is authorized only in accordance with the terms of this Confidentiality Stipulation and Order. Unauthorized disclosure of information extracted from documents, written discovery responses, or deposition testimony designated Confidential or Attorneys' Eyes Only is prohibited. This Stipulation shall not, however, operate to impose additional obligations upon the party producing information so designated with respect to its handling and treatment of its own information, written discovery responses, or deposition testimony.

4. Disclosure Scope/Confidential Material. Documents, written discovery responses, and deposition testimony designated Confidential may be disclosed only to:

a. the attorneys and staff for the law firms representing the parties in this matter ("Attorneys");

b. employees of the parties to this action having reasonable need of access to the information to assist the Attorneys in representation of the parties, provided that such employees have first read this Confidentiality Stipulation and Order and have agreed to abide by its terms by signing an affidavit in the form attached hereto as Exhibit A ("Affidavit").

c. independent experts or consultants retained by any of the parties or their counsel for purposes of this litigation, including their secretarial or clerical personnel ("Independent Experts"), provided that such independent experts or consultants have first read this Confidentiality Stipulation and Order and have agreed to abide by its terms by signing an Affidavit;

d. the Court, court personnel, special masters, mediators, other persons appointed by the Court, and stenographic and other deposition reporters;

e. deposition witnesses, provided that such deposition witnesses have first read this Confidentiality Stipulation and Order and have agreed to abide by its terms by signing an Affidavit; and

f. commercial copying services employed by the parties for the purpose of making copies of documents and deposition testimony for use in connection with this case.

Except on Order of the Court, a party, during the pendency of this action, shall not be entitled to inspect or receive a copy of any Affidavit obtained by any other party. A party shall only be able to obtain assurance of compliance with these requirements by submitting a written request to the Court that it order one or more parties to submit to the Court for *in camera* inspection the original of all executed Affidavits obtained by it along with one or more sworn affidavits setting forth the identities of all persons in Paragraphs 4(b), 4(c), and 4(e) above to whom "Confidential" materials have been disclosed.

Within twenty (20) days after the conclusion of trial and all appeals or any other termination of this action, any party may request that any other party provide to it a copy of each Affidavit executed by every non-party to whom "Confidential" materials were disclosed.

5. Disclosure Scope/Attorneys' Eyes Only Material. Documents, written discovery responses, and deposition testimony designated "Attorneys' Eyes Only" are presumed to be for "attorneys' eyes only."

Documents, written discovery responses, and testimony relating to a party's marketing plans, commercial transactions, advertising strategies, business plans, financial records, trade secrets, technical proprietary information, and other highly sensitive commercial or financial information may be designated as "Attorneys' Eyes Only." Use of an "Attorneys' Eyes Only" designation shall be limited to materials (a) directly involving the party so designating the materials, and (b) not directly involving parties positioned in opposition in this case to the party so designating the materials.

Except as described in this paragraph, confidential information designated "Attorneys' Eyes Only" shall not be given, shown, made available, or communicated in any way to anyone other than those persons described in Paragraphs 4(a), 4(c), 4(d), and 4(f) above. In addition, a party may use Attorneys' Eyes Only information, or a document containing Attorneys' Eyes Only information, at a deposition only if the person being deposed:

a. Is the author of the document containing the Attorneys' Eyes Only information at issue (or specifically designated as receiving a copy thereof);

b. Previously had access to the Attorneys' Eyes Only information at issue, as demonstrated by the face of the document; or

c. Is an employee of the person or entity producing the Attorneys' Eyes Only information at issue.

At such a deposition, the Attorneys' Eyes Only information or document may be disclosed only to persons otherwise permitted to see it under the provisions of this Confidentiality Stipulation and Order.

Except on Order of the Court, a party, during the pendency of this action, shall not be entitled to inspect or receive a copy of any Affidavit obtained by any other party. A party shall only be able to obtain assurance of compliance with these requirements by submitting a written request to the Court that it order one or more parties to submit to the Court for *in camera* inspection the original of all executed Affidavits obtained by it along with one or more sworn affidavits setting forth the identities of all persons in Paragraph 4(c) to whom "Attorneys' Eyes Only" materials have been disclosed.

Within twenty (20) days after the conclusion of trial and all appeals or any other termination of this action, any party may request that any other party provide to it a copy of each Affidavit executed by every non-party to whom "Attorneys' Eyes Only" materials were disclosed.

6. Notice/Marking. To invoke protection under this Confidentiality Stipulation and Order, the Designating Party shall provide appropriate notice that documents, written discovery responses, or deposition testimony have been designated Confidential or Attorneys' Eyes Only. The Designating Party shall only mark those documents, written discovery responses, or testimony that are truly confidential, made in good faith and for good cause, as required in Fed. R. Civ. P. 26. Documents and deposition testimony designated "Confidential" or "Attorneys' Eyes Only" shall be conspicuously marked as such or, in the case of deposition testimony, identified to opposing parties by page and line number, in accord with Paragraph 10.

In the event that the party seeking confidentiality inadvertently fails to so designate any materials "Confidential" or "Attorneys' Eyes Only," the party may, within ten (10) days of production or of execution of this Confidentiality Stipulation and Order, make such a designation by notifying the other party in writing, and the notified party shall thereafter stamp as "Confidential" or "Attorneys' Eyes Only" all copies thereof in its possession or control.

It shall be the duty of the party seeking confidentiality to provide such notice of the documents, written discovery responses, and testimony to be considered as Confidential or Attorneys' Eyes Only. No document, written discovery responses, or deposition testimony shall be deemed protected under this Confidentiality Stipulation and Order unless it has been properly marked. It shall be the duty of the parties to comply with this Confidentiality Stipulation and Order from the time of such notice.

7. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court.

Upon execution of this Confidentiality Stipulation and Order by all parties, the parties expressly agree that they will request that the Court execute and file the proposed Order included herein. The parties further expressly agree that the Court may at that time resolve any dispute arising under, and make any

Order necessary to the enforcement of, the provisions of this Confidentiality Stipulation and Order, without regard to whether such disputes arose before or after the filing of this action or of this Confidentiality Stipulation and Order or of the proposed Order attached to this Stipulation, and as though the dispute arose after the Court's execution and filing of the proposed Order attached to this Stipulation. The Court may, in the course of resolving any disputes arising under this Stipulation, Order any such relief and remedies as it is empowered to Order under the Federal Rules of Civil Procedure.

8. Amendment/Modification. This Confidentiality Stipulation and Order may be amended with respect to specific documents, written discovery responses, or deposition testimony without leave of Court by the agreement of counsel for the parties in the form of a stipulation. This Confidentiality Stipulation and Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties hereto or by Order of the Court.

9. Documents Produced for Inspection. All documents shall be presumed to be Attorneys' Eyes Only at the time of inspection. After this inspection, but within a reasonable time after the parties have requested copies of certain documents, the party seeking confidentiality shall appropriately designate any Confidential or Attorneys' Eyes Only documents and produce requested copies.

10. Depositions. All testimony taken by way of depositions in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Confidentiality Stipulation and Order. Testimony given at any deposition may be designated as Confidential or Attorneys' Eyes Only by indicating on the record that the testimony is Confidential or Attorneys' Eyes Only and subject to the provisions of this Confidentiality Stipulation and Order. Additionally, specific information in a deposition transcript may

be identified by written description, specifying the page and line number that are to be designated as Confidential or Attorneys' Eyes Only and sent to the opposing party within thirty (30) days after receipt of the transcript.

11. Burden of Proof. In the event a party contests the designation of any document, written discovery responses, or deposition testimony as Confidential or Attorneys' Eyes Only, the parties agree to consider removing or relaxing the confidential designations. In the event the parties cannot agree, the party seeking confidentiality shall have the burden of proof in any hearing or other proceeding before the Court that any Confidential or Attorneys' Eyes Only designation is necessary and appropriate.

12. Filing with Court. Written material containing or including documents, written discovery responses, or deposition testimony that is designated Confidential or Attorneys' Eyes Only, or copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of such documents, written discovery responses, or deposition testimony, when filed with the Clerk or Court, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY STIPULATION," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or Order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court from being hand-delivered to the Court's chambers to ensure that the same is brought promptly to its attention, provided that each page thereof that bears information contained or derived from Confidential or Attorneys' Eyes Only documents or deposition testimony shall be marked.

13. Final Determination. Upon final determination of this action (including all appeals), each party shall within sixty (60) days of such determination, upon request, either return to the opposing party or destroy (and promptly certify to the other party that this destruction has occurred) all documents and deposition transcripts received from the opposing party and marked Confidential or Attorneys' Eyes Only that are in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, which may be retained in conformity with this Confidentiality Stipulation and Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

14. Preservation of Objections Under Procedural Rules. This Confidentiality Stipulation and Order is entered into without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26(c).

15. Survival. The terms of this Confidentiality Stipulation and Order that restrict disclosure and use of materials stamped "Confidential" or "Attorneys' Eyes Only" shall survive and continue to be binding upon all parties hereto, including all non-parties who have executed an Affidavit, after the termination of this action.

16. No Admission. Acceptance of any materials stamped "Confidential" or "Attorneys' Eyes Only" shall not be construed as an admission by the party receiving those materials that the materials actually contain confidential information.

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby.

Dated August 17, 2000

**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**

By ______________________
Christopher W. Madel (2320297)
Anne M. Lockner (295516)

2800 LaSalle Plaza
800 LaSalle Avenue South
Minneapolis, Minnesota 55402-2015
(612)349-8500

ATTORNEYS FOR PLAINTIFF
INFINITY PRODUCTS, INC.

Dated: August 14, 2000

**HINSHAW & CULBERTSON**

By [signature]
Frank A. Taylor Reg. No. 206155
Patrick A. Reinken Reg. No. 212702
3100 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, Minnesota 55102
(612) 333-3434

ATTORNEYS FOR DEFENDANTS PREMIER PLASTICS, LLC, AND PRODESIGN, INC.

IT IS SO ORDERED.

Dated this 13 day of Aug., 2000.

BY THE COURT:

Jonathan G. Lebedoff
Magistrate Judge
United States District Court

**EXHIBIT A**

STATE OF ______________ )
) ss.
COUNTY OF ______________ )

**AFFIDAVIT**

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Your affiant's full name and current address is: ______________________________

______________________________________________________________________________.

2. Prior to receiving any documents and information designated as "Confidential" or "Attorneys Eyes Only" in the case captioned as Infinity Products, Inc., v. Premier Plastics, LLC, & Prodesign, Inc., Case. No. 00-CV-36 PAM/JGL (D. Minn.), I was provided with a copy of this Confidentiality Stipulation and Order, which I have read and fully understand.

3. I agree to be bound by the terms of the Confidentiality Stipulation and Order and to submit to the jurisdiction of the United States District Court for the District of Minnesota concerning the enforcement of any Order entered in relation to it.

4. I understand and agree not to discuss, disclose, or otherwise reveal the information subject to the Confidentiality Stipulation and Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials protected herein.

5. I received confidential information in my capacity as ____________________.

6. I received access to this confidential information from: ____________________.

FURTHER AFFIANT SAITH NOT

______________________________
Signature of Affiant

Subscribed and sworn to before me
this ___ day of __________, 200_.

______________________________
Notary Public

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 8/92