**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**INFINITY PRODUCTS, INC.,**

Plaintiff,

v.

**PREMIER PLASTICS, LLC, and PRODESIGN, INC.,**

Defendants.

Civil No. 00-36 (PAM/JGL)

**ORDER**

APPEARANCES

Anne Lockner, Esq., for Plaintiff.

Frank Taylor, Esq., for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on October 17, 2000, on Defendants' Motion for Modification of Scheduling Order Deadlines (Doc. No. 13). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

OCT 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of a contractual relationship between the parties. Plaintiff and Defendant Premier Plastics entered into a joint venture agreement in September 1998, and a joint sales agreement in November 1998. Defendant Prodesign's parent company purchased all of Defendant Premier Plastics' assets in January 1999, expressly leaving all liabilities and obligations of Premier to Premier. Plaintiff now alleges that Defendants breached those contracts, giving rise to this litigation.

In the pending motion, Defendants seek modification of the scheduling order deadlines. Plaintiff has agreed to stipulate to all of Defendants' proposed modifications except for Defendants' proposed deadline of December 1, 2000 for Defendants' disclosure of expert witnesses.

## II. DISCUSSION

Defendants request modification to the pre-trial order to extend the deadlines for disclosure of their expert witnesses, termination of discovery, filing and service of non-dispositive motions, filing and service of dispositive motions, and the trial-ready date. Plaintiff has agreed to stipulate to all of these extensions except for the deadline for disclosure of Defendants' expert witnesses. Therefore, the Court will discuss only the expert witness disclosures in this Order.

The pre-trial order in this case established a deadline of December 1, 2000 for non-dispositive motions, and an October 1, 2000 deadline for Defendants to make their expert disclosures. The Court notes that Plaintiff filed its motion to amend on September 29, 2000, and the hearing occurred on October 17, 2000, well within the period for non-dispositive motions and approximately two weeks after the deadline for Defendants' expert disclosures.

Modifying a pre-trial scheduling order requires a showing of good cause by the moving party. See D. Minn. LR 16.3. Good cause requires the party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Archer Daniels Midland Co. v. Aon Risk Serv., Inc. of Minn., 187 F.R.D. 578, 582 (D. Minn. 1999). In this case the Court finds, for the following reasons, that Defendants have made the requisite showing of good cause.

First, Defendants have decided to retain separate counsel, based upon information learned during the last three months. Second, Defendants assert that Plaintiff has failed to make the discovery disclosures necessary for Defendants to determine whether experts are even necessary. Defendants served discovery on Plaintiff on June 5, 2000. Defendants argue that Plaintiff has failed to provide "a computation of any category of damages claimed by the disclosing party," despite the discovery requests and the requirements of Fed. R. Civ. P.

26(a)(1)(C). Furthermore, Defendants claim Plaintiff has failed to make available the documents or other evidentiary material necessary to compute a damages figure.

Third, Defendants assert that Plaintiff has delayed this matter, and as such, the deadlines should be extended. Defendants document a period of time during which Defendants were unable to even ascertain who represented the Plaintiff. Furthermore, during August, Plaintiff informed Defendants that their file containing the documents to be produced pursuant to served discovery was unavailable while Plaintiff's counsel moved offices. Plaintiff has produced less than fifty pages of documents pertaining to damages, the greatest production of which was in mid-September, shortly before Defendant filed this motion.[1]

Plaintiff argues that Defendants have not demonstrated any "extraordinary circumstances" for their requested extension as required by D. Minn. LR 16.3(c), since Defendants' motion was not heard prior to the October 1, 2000 expert disclosure deadline. Local Rule 16.3(c) provides that "[e]xcept for extraordinary circumstances, the motion for extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines." D. Minn. LR 16.3(c). This Rule is intended to discourage modification of

[1] The Court notes that Plaintiff produced an additional seventeen pages of documents on October 17, 2000, the date of the hearing. This production of documents, however, has no bearing on the Court's decision on the pending motion.

pre-trial schedules unless a party has shown good cause. See D. Minn. LR 16.3 Advisory Committee's Note (1996).

Plaintiff's argument rings hollow. Defendants have attempted to work with Plaintiff to obtain the requested discovery documents in order for Defendants to ascertain whether experts are necessary to try this matter. Furthermore, Defendants did file and serve this motion prior to the expiration of the deadline, and the motion hearing was scheduled prior to the expiration of the non-dispositive motions deadline and approximately two weeks after the expert disclosure deadline. Plaintiff claims that Defendants should have brought motions to compel discovery if they needed the documents, instead of bringing a motion to extend the pre-trial order deadlines. Defendants properly attempted to work out their discovery disputes with Plaintiff prior to bringing this motion, and the Court will not penalize Defendants for their attempt. Defendants' motion to extend the deadline for expert disclosure shall be granted.

While pre-trial orders assist in managing heavy caseloads, and help conserve time and resources, see Luigino's, Inc. v. Pezrow Cos., Inc., 178 F.R.D. 523, 525 (D.Minn. 1998), they may be modified upon a showing of good cause. See Fed. R. Civ. P. 16(b); D. Minn. LR 16.3(a). Defendants have made the requisite showing, and in fact have shown diligence in attempting to comply with the Pre-trial Order of May 3, 2000. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Archer Daniels

Midland Co., 187 F.R.D. at 582. Therefore, Defendants' motion shall be granted.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Modification of Scheduling Order Deadlines is **GRANTED.** The Pre-trial Order of May 3, 2000 shall be modified as follows:

(1) Defendants' expert disclosures shall be made on or before December 1, 2000.

(2) The period during which the parties may conduct discovery shall terminate on February 1, 2001.

(3) All non-dispositive motions, other than those seeking to amend the pleadings or add parties, shall be filed and served prior to February 1, 2001.

(4) All dispositive motions shall be filed prior to March 1, 2001.

(5) This case shall be ready for trial on April 1, 2001, at which time the case will be placed on the court's April trial calendar.

All other provisions of the Pre-trial Order of May 3, 2000 shall remain in full force and effect.

Dated: October 24, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge