**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**INFINITY PRODUCTS, INC.,**

Plaintiff,

v.

**PREMIER PLASTICS, LLC, and PRODESIGN, INC.,**

Defendants.

Civil No. 00-36 (PAM/JGL)

**ORDER**

APPEARANCES

Christopher Madel, Esq. and Anne Lockner, Esq., for Plaintiff.

Patrick Reinken, Esq. and Tina Syring-Petrocchi, Esq., for Defendant Prodesign, Inc.

Matthew Johnson, Esq. for Defendant Premier Plastics, LLC.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 17, 2000, on Plaintiff's Motion to Compel (Doc. No. 13). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

NOV 2 7 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of a contractual relationship between the parties. Plaintiff and Defendant Premier Plastics ("Premier") entered into a joint venture agreement in September 1998 and a joint sales agreement in November 1998. Defendant Prodesign's parent company purchased all of Defendant Premier's assets in January 1999, expressly leaving all liabilities and obligations of Premier to Premier. Plaintiff now alleges that Defendants breached those agreements, giving rise to this litigation.

In the pending motions, Plaintiff seeks an Order compelling Defendants to respond to discovery requests and allowing the submission of the Third Affidavit of Anne M. Lockner, which responded to Defendant Prodesign's Memorandum in Opposition to Plaintiff's Motion to Compel. Defendant Prodesign withdrew its own Motion to Compel, and Defendant Premier Plastics withdrew its joinder in Defendant Prodesign's Motion to Compel.

## II. DISCUSSION

### A. <u>Submission of the Third Affidavit of Anne Lockner</u>

Plaintiff moves the Court to allow the submission of the Third Affidavit of Anne M. Lockner, dated November 1, 2000. In this affidavit, Ms. Lockner, counsel for Plaintiff, responds to many statements made by Mr. Frank Taylor, counsel for Defendant Prodesign, in his Memorandum in Opposition to Plaintiff's Motion to Compel. At the

hearing, Defendant Prodesign's objection to Plaintiff's motion was simply that Mr. Taylor's statements were related to issues in the motion that are no longer before this Court, and consequently, that Ms. Lockner's affidavit is now irrelevant. While Defendant's assertion is partially true, the Court finds the statements made in Defendant Prodesign's memorandum to contain serious allegations regarding the professionalism and ethical standards of Ms. Lockner. Therefore, in the interest of justice and fairness, the Court will allow Ms. Lockner to refute on the record the attacks in Defendant's papers, and Plaintiff's motion to submit the Third Affidavit is granted.

**B. Motion to Compel Discovery**

Prior to the hearing, the parties resolved all of the discovery disputes in Plaintiff's motion except for two interrogatories and one document request. The only remaining disputes concern Interrogatory Number 5 in the first set of discovery requests, which requests a calculation relating to the Parts, and Interrogatory Number 1 and Document Request Number 1 in the second set of discovery requests, which seek the identity of documents relating to Document Bates Number DEF000725. Accordingly, Plaintiff's resolved discovery disputes are denied as moot.

**1. Scope of Discovery**

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated

to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Furthermore, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

**2. Plaintiff's Discovery Requests**

Defendant argues that Plaintiff failed to comply with D. Minn. LR 37.1, which requires the moving party to confer or attempt to confer with other affected parties in good faith before a motion presenting discovery disputes will be entertained by the Court. See D Minn. LR 37.1. Plaintiff has provided adequate documentation of compliance with LR 37.1 in its memoranda and affidavits. Thus, based upon all of the pleadings and proceedings before this Court, the Court finds that

Plaintiff did in fact make an attempt in good faith to resolve these discovery disputes pursuant to LR 37.1. Therefore, the Court will address each of Plaintiff's requests on the merits.

First, Plaintiff requests supplemental answers to discovery served on Defendants. Plaintiff served its First Set of Discovery on Defendants on May 2, 2000, and Defendants served their response on June 5, 2000. Interrogatory Number 5 requested that the Defendants describe how they "calculated the price that they charged Infinity for the Parts." Defendants' response stated that "[p]rices that Premier charged to Infinity for 'Parts,' as that term is defined in ¶ 10 of Plaintiff's Complaint, were calculated according to agreements made between Infinity and Premier."

Plaintiff complains that this response does not answer the interrogatory because one of the claims in this litigation is that Defendants breached the provision in the agreements governing the price Defendants could charge. Plaintiff argues that it is entitled to know how Defendants arrived at their price and to test Defendants' defense and reliance on the contract. Defendant Prodesign asserts that it has answered the interrogatory as asked and that it is not required to provide a mathematical calculation.

Plaintiff suggests that the word "calculated" means that Defendant ought to have used a mathematical determination in its answer. Defendant Prodesign asserts that Plaintiff's arguments are

semantic. Further, Defendant argues that if Plaintiff wanted mathematical equations, it should have asked for "mathematical computations" instead of calculations. The Court finds these arguments to be disingenuous.

Plaintiff's interrogatory was reasonably calculated to discover how Defendant mathematically arrived at the price it charged Plaintiff. Plaintiff already knew how they expected Defendant to charge Infinity for the Parts. Plaintiff now wants to know how Defendant actually charged for the Parts. Therefore, the Court finds that Defendant has not answered the interrogatory to the extent required, and Plaintiff's motion to compel is granted as to Interrogatory Number 5 of the First Set.

Plaintiff served its Second Set of Discovery, and Defendant Prodesign responded on October 12, 2000. In its Interrogatory Number 1 and Document Request Number 1, Plaintiff requests that Defendant Prodesign "identify each document that supports or relates to the information contained in [Document Bates Number DEF000725]" and to produce "[a]ll documents relating to document bates [sic] numbered DEF000725, including, without limitation, documents used or referred to in drafting DEF000725, documents supporting the time entries found in DEF000725, and invoices (and other documents) that support or relate to the information included in DEF000725." Bates Number DEF000725 is a document that sets forth the labor, raw materials, and "additional

prices" that Defendant claims were factored into the cost of making each Part.

Defendant Prodesign's response to Plaintiff's requests is a series of objections, including that the request is "vague, overbroad, and unduly burdensome." Defendant Prodesign argues that the document request could involve "every document relating to operation of Prodesign, Inc." (Def. Opp. Mem. at 7.) Plaintiff complains that Defendant Prodesign's responses to the First Interrogatory and First Document Request in the Second Set of its served discovery requests are inadequate, and more specific answers should be compelled by this Court.

Defendant Prodesign attempts to obscure the issue by suggesting that it is unduly burdened by the voluminous files that it might be required to produce. Defendant Prodesign gives an hourly dollar amount of $130,667.00 that it would be "forced" to pay if it had to produce all of the documents in its files. Rule 34 of the Federal Rules of Civil Procedure provides in relevant part:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form) . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession,

> custody or control of the party upon whom the request is served . . . .
>
> . . . The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. . . .
>
> . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. . . .
>
> . . . A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

Fed. R. Civ. P. 34(a), (b).

Clearly, Bates No. DEF000725 and the documents used to generate it are relevant to this litigation. In fact, Defendant Prodesign never argues that these documents are irrelevant, only that the request is unduly burdensome. However, on a close inspection of Bates No. DEF000725, the Court found that the document contains a price quotation directed to Plaintiff for one item, dash appliqués. The Court finds that Plaintiff's request is not an overly burdensome one, nor is it overly broad or vague. Plaintiff's request is aimed at the very core of the pricing matter in this litigation. Therefore, Defendant Prodesign shall supplement its answer to Interrogatory Number 1 of the Second Set to include a list of documents that support or relate to the information contained in Bates No. DEF000725. Furthermore, Defendant Prodesign

shall produce the relevant documents as requested in Plaintiff's Document Request Number 1, Second Set, in accordance with Fed. R. Civ. P. 34, and as set forth in the body of this Order.

Plaintiff also requests an Order directing Defendant Premier respond to all discovery served on it, and argues that Defendant Premier failed to object, thereby waiving any objections. "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). Defendant Premier recently changed counsel, which it was in the process of doing at the time Plaintiff served its Second Set of discovery requests. The Court finds that Defendant Premier has shown good cause for not objecting in a timely manner. Furthermore, Defendant Premier prepared and served responses to the discovery after entering their appearances. Accordingly, Plaintiff's motion as to Defendant Premier is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for the Submission of the Third Affidavit of Anne M. Lockner dated November 1, 2000 (Doc. No. 46) is **GRANTED;**

(2) Plaintiff's Motion to Compel (Doc. No. 20) is **GRANTED IN PART** and **DENIED IN PART**, as set forth in Part II.B. of this Order; and

(3) Defendant Prodesign's Motion to Compel (Doc. No. 39) and Defendant Premier Plastics Joinder in that Motion (Doc. No. 37) were **WITHDRAWN,** and are therefore moot.

Dated: November 27, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge