**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**INFINITY PRODUCTS, INC.,**

Plaintiff,

v.

**PREMIER PLASTICS, LLC, and PRODESIGN, INC.,**

Defendants.

Civil No. 00-36 (PAM/JGL)

**ORDER**

APPEARANCES

Christopher Madel, Esq., and Anne Lockner, Esq., on behalf of Plaintiff.

Frank Taylor, Esq., and Jennifer Tecson, Esq., on behalf of Defendant Prodesign, Inc.

Donald McNeil, Esq., on behalf of Defendant Premier Plastics, LLC.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 9, 2001, on Defendants' Motion for Leave to Amend Answer (Doc. No. 62) and Motion for Leave to File a Reply Memorandum (Doc. No. 66). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

APR 23 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

## I. INTRODUCTION

When an after-market converter of a van or sports utility vehicle incorporates plastic parts such as consoles and dash kits into the interior of a vehicle, the vehicle's appearance changes dramatically from its original factory design. Plaintiff Infinity markets and sells such plastic parts used in the automotive after-market. However, in 1998, Infinity did not have the capability to manufacture these parts. Instead, Infinity contracted with various manufacturers who provided plastic parts to Infinity either to sell without modification, or to incorporate into Infinity's own products assembled at its facility in Minnesota.

Defendant Premier Plastics ("Premier") was one such manufacturer and a competitor of Infinity. In July 1998, Infinity and Premier began negotiations that ultimately culminated in a joint venture agreement dated September 24, 1998. Approximately two months later on November 19, 1998, Infinity and Premier entered into a joint sales agreement which contained a modification provision that the "agreement may be modified at any time upon the agreement of both parties." (Tecson Aff. Ex. 41A ¶ 14.)

In January 1999, Defendant Prodesign purchased all of Defendant Premier's assets, expressly leaving all liabilities and obligations of Premier to Premier. The present litigation arises out of Plaintiff's allegations that Defendant Prodesign ratified the joint venture agreement and the joint sales agreement ("the contracts"), and that both

Defendants breached the contracts. Furthermore, Plaintiff Infinity now alleges that oral modifications were made to the contracts, which Defendants also breached. Defendants state that, prior to the deposition of Infinity's president, Craig Smith, taken on February 15, 2001, they were unaware of Plaintiff's allegations of oral modifications. Thus, Defendants bring the present motion seeking leave of the Court to amend their Answers to assert a statute of frauds affirmative defense, based on this recently discovered evidence.

## II. DISCUSSION

The pretrial order in this case established a deadline of August 1, 2000 for motions seeking to amend the pleadings. This Court extended the pretrial schedule in its Order of October 24, 2000. The Eighth Circuit has held that in cases where a Rule 16 pretrial scheduling order has been filed, the district court "may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." In re Milk Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999). Defendants argue that good cause exists, since they were unaware of Plaintiff's oral modification claim prior to Mr. Smith's deposition on February 15, 2001. Plaintiff asserts that the oral modification claim is clearly stated in paragraph fifteen of the Complaint, and that Defendants have known of the claim all along.

Paragraph Fifteen of the Complaint provides:

> Infinity only discovered of the sale after its consummation and even then, not from Premier itself, but from a third party. Upon hearing of the sale, an Infinity representative contacted Grise who reassured Infinity that everything would remain the same under the parties' above-described contracts.

(Compl. ¶ 15.) The Court sees nothing in this paragraph that should have alerted Defendants to Plaintiff's present claim that oral modifications were made to the contracts. Plaintiff further argues that "simple logic" should establish that Defendants knew Plaintiff was relying on oral representations as a basis for the contract. (Pl.'s Mem. Opp. Defs.' Mot. Am. Answer at 3.) Simple logic, however, is not sufficient. Plaintiff must put Defendants on notice of Plaintiff's claims in a simple, concise, and direct manner. See Fed. R. Civ. P. 8. Plaintiff cannot require Defendants to infer the basis of Plaintiff's claims through logic or otherwise. Defendants were not put on notice of oral modifications to the contracts in the Complaint, nor during the deposition of Greg Samson, as Plaintiff suggests. Instead, Defendants discovered the oral modification claim at the February 15, 2001 deposition of Craig Smith. Thus, the Court finds that good cause exists to allow Defendants to amend their Answers.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings; leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have taken a liberal position

for leave to amend, and such motions should usually be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Good reasons for rejecting a proposed amendment are "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . ." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Inclusion of a claim or defense based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, a party's motion to amend should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

First, Plaintiff argues that Defendants unduly delayed discovery, causing undue delay in filing this motion. The Court extended the pretrial schedule on October 24, 2000 at Defendants' request. The Court found at that time that Defendants had shown diligence in attempting to comply with the Pretrial Order of May 3, 2000, and that due to a variety of circumstances, Defendants had shown good cause to modify the pretrial schedule. Thus, the discovery period extended to February 1, 2001, and the Court will not now find that Defendants unduly delayed.

Second, Plaintiff asserts that Defendants were dilatory in that they should have served an interrogatory upon Plaintiff asking Plaintiff to describe each agreement that Defendants breached. (Pl.'s Mem. Opp. Defs.' Mot. Am. Answer at 7-8.) Defendants argue that Plaintiff attached to its Complaint the two written contracts at issue, and that various documents relating to these written contracts were exchanged by the parties during discovery. Thus, Defendants had no reason to ask Plaintiff to describe each breached agreement, since both written contracts were attached to the Complaint, and Plaintiff had not placed Defendants on notice of the existence of an oral modification claim. Consequently, the Court cannot conclude that Defendants have acted in a dilatory manner.

Third Plaintiff alleges that it will suffer undue prejudice if Defendants are allowed to amend their Answers. Plaintiff failed to put Defendant on clear notice of its oral modification claim. Thus, any prejudice to Plaintiff is of its own making. Additionally, Defendants discovered new evidence in February 2001 that alerted them to the oral modification claim, and are entitled to plead the affirmative defense of statute of frauds. Since Defendants' proposed amendment involves substantially the same factual and legal issues as those alleged in the original Complaint, Plaintiff suffers no undue prejudice.

Finally, Plaintiff argues that Defendants should not be allowed to amend to add a statute of frauds affirmative defense, because

the defense is futile as a matter of law. Indiana Code § 2-201(3)(c) provides that "[a]n oral contract is taken out of the statute of frauds when the seller's agent sends the goods to the buyer and the buyer accepts the goods on their arrival." Plaintiff argues that, had it known of Defendants' statute of frauds defense, it would have pursued more discovery, asking Defendants if they had accepted Plaintiff's payments. The Indiana statute cited by Plaintiff addresses a buyer accepting goods. The Court fails to see how the language of Ind. Code § 2-201(3)(c) applies to a seller accepting payment for goods, as Plaintiff suggests. Thus, while an amendment to a pleading may be rejected if it is futile, the Court declines to find as futile Defendants' presently proposed amendment. See Thompson-El, 876 F.2d at 67 (citation omitted). Likewise, Defendants' proposed amendment is not "clearly frivolous." See Gamma-10 Plastics, Inc., 32 F.3d at 1255 (citation omitted).

Defendants, through their recent investigation and discovery, learned of facts giving rise to this affirmative defense. The Court finds that Defendants did not unduly delay their motion, did not act in bad faith or with dilatory motive, and did not fail to cure a deficiency by a previously allowed amendment. See Foman, 371 U.S. at 182. Further, Defendants' proposed amendment is not futile, see Thompson-El, 876 F.2d at 67, nor does it set forth "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc., 32 F.3d at 1255. The

Court concludes that Plaintiff will not be unduly prejudiced by the amendment, since any prejudice is of Plaintiff's own making, and any additional discovery necessary will be minimal. Consequently, the Court grants Defendants leave to amend their Answers. Since Defendants represented at the hearing that they required no additional discovery, no further discovery shall be allowed. However, in the interest of justice, should Plaintiff require additional written discovery directly relating to the statute of frauds affirmative defense, Defendants' response time shall be reduced from thirty days to seven days to ensure that the trial date remains intact.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendants' Motion for Leave to Amend Answer (Doc. No. 62) is **GRANTED** as set forth fully in the body of this Order; and

(2) Defendants' Motion for Leave to File a Reply Memorandum (Doc. No. 66) is **GRANTED.**

Dated: April 20, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge