UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Infinity Products, Inc.,

Plaintiff,

v.

Premier Plastics, LLC, and
Prodesign, Inc.,

Defendants.

Civ. File No. 00-36 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on six Motions in Limine filed by Plaintiff Infinity Products, Inc. ("Infinity"). For the reasons that follow, four of the Motions are denied, one of the Motions is granted in part, and one of the Motions has been rendered moot.

**BACKGROUND**

In essence, this case is a contract dispute arising out of a Joint Sales Agreement ("JSA") between Infinity and Defendants Premier Plastics, LLC ("Premier") and Prodesign, Inc. ("Prodesign"). The JSA provided that, for three years, Premier would manufacture parts exclusively for Infinity, and Infinity would market only Premier's parts. Allegedly, Prodesign and Premier breached the JSA by manufacturing and selling parts to other customers.

**DISCUSSION**

**A. Motion to Exclude All Allegations of Suborning Perjury**

In its first Motion in Limine, Infinity asks this Court to declare that all evidence

FILED AUG 2 3 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

relating to allegations that Infinity attempted to suborn perjury is inadmissable. More specifically, Infinity seeks to exclude testimony by Mike Toal that it was his impression that he was asked to provide untruthful testimony in return for indemnity. Infinity argues that this testimony is irrelevant and highly prejudicial. Defendants respond by pointing out that evidence relating to the credibility and bias of witnesses should be permitted.

This Court agrees that evidence relating to the credibility and potential bias of witnesses should be permitted. Accordingly, Infinity's motion is denied.

**B. Motion to Prevent Defendants From Arguing the Statute of Frauds**

Infinity seeks to prevent the Defendants from arguing the statute of frauds defense at trial. The Court is vexed by the fact that both parties in this case have obviously ignored the ruling of this Court that it could not "make a determination on [the statute of frauds issue] because...whether there was a modification is a question of fact. Should the jury decide that the parties did intend to modify the JSA, Premier or Prodesign may raise the statute of frauds issue at that time." July 20, 2001, Memorandum and Order at 6. This subject was briefed, considered, and ruled upon during the summary judgment phase of this litigation. This motion is denied.

**C. Motion to Exclude Evidence About Infinity's Alleged Breach of the JSA**

Infinity asks that Defendants be precluded from offering evidence that Infinity breached the JSA first. To buttress this request, Infinity argues that Defendants continued to supply parts to Infinity for a year after learning of Infinity's alleged breach and thereby

waived any rights that they might have had as a result of Infinity's alleged breach. Defendants respond by claiming that this Court's July 20, 2001, Memorandum and Order rejected a similar argument by Infinity.

Although this Court did rule that "whether Premier was theoretically entitled to cancel the JSA [as a result of Infinity's alleged breach] is not relevant to the disposition of Infinity's claims," July 20, 2001, Memorandum and Order at 6, there is still the possibility, as this Court went on to say, that the JSA was terminated by reason of Infinity's alleged breach. Accordingly, Infinity's motion is denied.

**D. Motion to Exclude the Deposition Testimony of Wayne Whitney**

In this motion, Infinity seeks to exclude the deposition testimony of Wayne Whitney, the president of Upgrade Auto, Inc. ("Upgrade"). Infinity contends that Whitney's testimony serves no purpose except to prejudice the jury, confuse the issues, and waste time and resources. See Fed. R. Evid. 403. According to Infinity, the only relevant information that Whitney can provide is that Infinity purchased parts from Upgrade. Whitney's testimony is unnecessary, however, because Infinity concedes this point.

Defendants argue that Whitney's testimony is relevant because it shows that Infinity never intended to abide by the exclusivity term in the JSA. In Defendants' view, this testimony provides evidence that, while Infinity was negotiating the JSA with Premier, Infinity was also negotiating a settlement with Upgrade whereby Infinity promised to continue to purchase parts from Upgrade. Additionally, Defendants claim that Whitney's

testimony is relevant to the issue of damages and cover in this case.

Based upon the information provided in the motions, the Court agrees that Whitney's testimony is potentially relevant. Accordingly, Infinity's motion is denied.

**E. Motion to Exclude the Deposition Testimony of Charles DeBeau**

Along similar lines, Infinity argues that the deposition testimony of Charles DeBeau of Novatron should be deemed inadmissable. As with the testimony of Whitney, Infinity claims that DeBeau's testimony is only relevant to show that Infinity purchased parts from Novatron. Because Infinity admits to these purchases, however, DeBeau's testimony is unnecessary. Additionally, DeBeau's testimony regarding a particular part and payment concerns with Infinity is irrelevant, prejudicial, and potentially confusing. Finally, Infinity argues that DeBeau's testimony revolves around four deposition exhibits that were never provided to Infinity's counsel.

Defendants contend that this Motion is excessively broad in its scope. Defendants argue that DeBeau's testimony is relevant to the issues of cover and damages, because purchasing parts from Novatron could have been an alternative available to Infinity. Furthermore, according to Defendants, DeBeau's testimony is relevant for a host of other purposes including showing the ownership of the tools at issue in this case and the existence of multiple sets of tools. Finally, although Defendants do not deny that Infinity was never provided with the deposition exhibits used by DeBeau, they claim that the bulk of DeBeau's testimony does not concern these exhibits. Defendants then suggest that any concern over

the fact that these exhibits were not provided to Infinity can be cured by excluding only those portions of DeBeau's testimony that concern the exhibits.

The Court is troubled by the fact that Infinity did not receive copies of the deposition exhibits even though it did specifically requested them. Accordingly, Infinity's motion is granted to the extent that it seeks to exclude those parts of DeBeau's testimony that concern the four deposition exhibits not provided to Infinity. Because this Court is reluctant to grant broad motions in limine, especially when the motions turn on facts to be developed at trial, see Deghand v. WalMart Stores, Inc., 980 F. Supp. 1176, 1179-80 (D. Kan. 1997), the balance of Infinity's Motion is denied.

**F. Motion to Exclude Newly Disclosed Witnesses**

Infinity sought to prohibit Defendants from calling three witnesses at trial because these witnesses were not properly disclosed to Infinity as individuals with knowledge or as prospective witnesses. See Fed. R. Civ. P. 26(a) and 26(e)(1). However, because Defendants have withdrawn the witness designations for these three witnesses, this Motion is rendered moot.

## CONCLUSION

For the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Infinity Products, Inc.'s Motions in Limine (Clerk Doc. Nos. 120, 122, 124, 129) are **DENIED**;

3. Infinity Products, Inc.'s Motion in Limine (Clerk Doc. No. 131) is **GRANTED IN PART** as set forth above; and

4. Infinity Products, Inc.'s Motion in Limine (Clerk Doc. No. 133) is **DENIED AS MOOT**.

Dated: August 22, 2001

Paul A. Magnuson
United States District Court Judge