UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No.: 00-CV-36 PAM/JGL

Infinity Products, Inc.,

Plaintiff,

vs.

Premier Plastics, LLC, and Prodesign, Inc.,

Defendants.

**PLAINTIFF INFINITY PRODUCTS, INC.'S RESPONSE TO PRODESIGN, INC.'S OBJECTION TO BILL OF COSTS**

Defendant Prodesign, Inc. continues its pattern that it started years ago whereby it attempts to avoid paying what it rightfully owes Plaintiff Infinity Products, Inc. Contrary to Prodesign's argument, Infinity was in fact the prevailing party entitled to costs under Rule 54(d).

**Factual Background**

Infinity filed suit against Prodesign on January 6, 2000. Nearly a year and a half after filing suit, Prodesign moved for summary judgment. Simultaneously with that motion, Prodesign also moved to amend its Answer to add the Statute of Frauds as an affirmative defense. While this Court granted its motion to amend to add the Statute of Frauds defense, this Court denied Prodesign's motion for summary judgment based on the Statute of Frauds. Nearly two years after filing suit, Infinity obtained a verdict from a jury of 12 people at trial. After trial, this Court granted Prodesign's motion for a directed verdict relying on the Statute of Frauds.

On appeal, the Eighth Circuit reversed in part this Court's entry of judgment in favor of Prodesign, found that Prodesign had in fact breached a contract with Infinity, and awarded Infinity damages on that claim.

**Legal Argument**

Prevailing parties are presumptively entitled to costs. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Infinity is the prevailing party because it was awarded damages by the jury, some of which were then reinstated by the Eighth Circuit. According to the Eighth Circuit, a "prevailing party" "is one in whose favor a judgment is rendered, *regardless of the amount of damages awarded*." *Firefighters' Institute for Racial Equality v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (internal citations omitted) (emphasis added). Therefore, Prodesign's disparaging comments relating to the amount of Infinity's ultimate recovery are irrelevant.

Prodesign's attempts to desegregate Infinity's costs based on whether a cost was related to its meritorious claim is also a red herring.[1] It points to *no case law* to support this contention. To the contrary, courts have held that as the "prevailing party," Infinity is entitled to all costs, not simply those that are directly related to certain claims:

> To be a prevailing party [a] party need not prevail on all issues *to justify a full award of costs*, however. Usually, the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) . . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment *on even a fraction of the claims advanced.*

---

[1] In addition to being a red herring argument, Prodesign's factual contentions are simply wrong. The testimony of nearly all of Infinity's witnesses supported its claim that Prodesign was wrongfully using its Tools to makes Parts for third parties, in contravention to the contract. For instance, in addition to Kevin Gipson and Rick Grise's testimony, Rick Smith, Greg Samson, and Steve Grandner all testified that they saw the wrongful Parts being made and that Rick Grise stated that he "shouldn't be doing that" when they caught him doing so. *See* Tr. at 150:12-151:23 (Smith); 677:1-18 (Samson); 524:1-526:7 (Grandner). Furthermore, substantial time was spent disproving Prodesign's contention that it had a second set of tools it was using instead of Infinity's. *See* testimony of Jack Colbert. All of this went to the claim upon which Infinity prevailed.

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (citation omitted) (emphasis added).

Prodesign also misleads the Court with its case citations. For instance, Prodesign cites to *Hensley v. Eckerhart*, 461 U.S. 424 (1983) making the assertion that the Court "repeatedly emphasized" an argument in Prodesign's favor, yet despite this "repeated emphasis," Prodesign fails to cite *any* portion of the case that supports its argument. Furthermore, *Hensley* deals not with costs, but with the award of attorneys' fees – a different scenario than the one we have here.

Prodesign's use of *Scientific Hldg. Co., Ltd. v. Plessey, Inc.* is also inapposite. 510 F.2d 15 (2d Cir. 1974). In that case, the plaintiff lost on *all* of its claims against defendant. That is not at all the case here.

Prodesign also attempts to avoid Rule 54(d) by resorting to a "fundamental fairness" argument. Infinity has no problem with "fundamental fairness" playing a role because such an argument weighs in favor of Infinity. Prodesign contends that had Infinity only filed a suit with its meritorious claim, Prodesign may not have litigated at all. This is a preposterous reason for denying costs and flies in the face of the Eighth Circuit's recent holding in *Firefighters' Institute* which holds that the size of the award is irrelevant. 220 F.2d at 905. Furthermore, Infinity won on all of its claims before the jury. It was only on the technical Statute of Frauds argument that Prodesign managed to succeed on any of those claims after trial. But if fairness is to be considered, this Court must keep in mind that Prodesign utterly *failed* to even assert the Statute of Frauds as a defense until nearly a year and a half after the case was filed, simultaneously with its summary judgment motion (which was denied), and just weeks before trial was originally scheduled. If Prodesign is using 20-20

hindsight and hypothesizing ways in which the costs could have been avoided altogether, it should begin by looking at itself and how it could have asserted its defenses in a more timely fashion.

**Conclusion**

The bottom line is that Infinity was wronged by Prodesign. A jury found that to be true and the Eighth Circuit found that as well. The Eighth Circuit's reinstatement of a portion of Infinity's damages renders it the prevailing party. Accordingly, Infinity respectfully asks this Court to award Infinity the costs it seeks.

May 20, 2004

s/Anne M. Lockner
Anne M. Lockner
Bar Number 0295516
Attorney for Plaintiff Infinity Products, Inc.
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
amlockner@rkmc.com